OPINION of the Court, by
Ch. J. Boyle.
-Clay. born declared against Murray in assumpsit, and aver, resj a tj,at Murray, on the 19th of May 1808, was in- - - • - - - - • - debted to him in the sum of ⅛ 370, for which Murray drew an order in his favor upon Nathaniel Q- Hart,, bearing date the day and year aforesaid ; which order, or any part thereof, the said Hart refused to accept and pay, and did, on the 22d of May, in the year aforesaid, protest the same, of which said protest the saul Murry then and there had notice ; by reason of which failure and protest Murray became liable to pay t0 Sa*C^ Clayborn the said sum of 370dollars, and being so liable promised to pay,” &c. Upon the general issue a verdict was found for Clayborn, and the damages assessed at $ 379, for which judgment was rendered % the court. To this judgment this writ of error with supersedeas is prosecuted by Murray,
jc ;a objected that there is no averment of any consideration which can support the assumpsit.
It is in general true that to support an action of as-sumpsit the plaintiff must aver and prove a legal and valid consideration, a promise which is merely voluntary, having in, contemplation of law no obligatory force ; for the common law has adopted the maxim of the civil law, that ex nudo pacto non oritur actio, This doctrine, however, is not applicable to actions founded uPon mercantile instruments, these being governed by the lex mercatoria, and not the common law. A bill of exchange, therefore, although according to the general principles of the common law it is to be considered in the light of a simple contract, is nevertheless in this respect entitled to the privilege of a specialty, which, carrying with it internal evidence of a good consideration, constitutes the basis of the action and supersedes the necessity of averring and proving a consideration. This privilege always belonged to foreign bills, and has at length, though not without much struggle, as it ⅛ said, been conceded to inland or domestic bills. It is evident, therefore, if the instrument declared on in this case be entitled to the character of a bill of exchange, that the objection under consideration must fail. . :
*301 It is said by Kidd, in his treatise upon bills of ex-' change and promissory notes, page 60, that “ no pre-else form of words is necessary to make a bill of exchange ; any order which cannot be complied with, except by the payment of money, will make a good bill.
The order declared on is most clearly of this description. It ia truth comes within the most formal and technical definition of a bill of exchange. It is a letter of request, addressed by the defendant to another person, desiring him to pay the plaintiff a sum of money. This comports substantially with the definition of a bill of exchange, as given by the best writers upon the subject, and would have been sufficient to support the declaration, had it averred that the defendant made his bill of exchange according to the custom of merchants. In this respect the declaration is indeed very inartificially and informally drawn. The order ought to have been pleaded as a bill of exchange ; for it is a settled rule that every instrument must be pleaded according, to its operation in law. This defect, however, is not directly questioned by the assignment of error ; and if it were, would, we apprehend, be unavailing after a verdict upon the merits.
Another objection is. taken to the declaration, because it contains no averment of a legal protest having been effected upon the order. A protest of an inland bill of exchange is not Accessary, except to enable the holder to recover damages under the statute concerning bills of exchange. But even with respect to foreign bills, where notice that they are dishonored can only be by protest, the omission to allege a protest in the declaration, is matter of form only, and is cured by the verdict; for notice being alleged generally, will be presumed to have been given with all the necessary formalities — - See Kidd 193.
The judgment must be affirmed, with damages aiuf *osts,